[Cite as *Ireland v. Ohio Dept. of Transp.*, 2010-Ohio-6193.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLOTTE E. IRELAND

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2010-02677-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Charlotte E. Ireland, filed this action against defendant, Department of Transportation (ODOT), contending that her 2006 Hyundai Sonata was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on US Route 35 in Fayette County. Plaintiff related that, "we were driving towards Dayton on US 35 by Jefferson Mall making a lane change" when her vehicle struck an uprooted road reflector; an act which caused the reflector to be propelled into the right front and rear doors of plaintiff's vehicle. Plaintiff recalled that the damage incident occurred on January 30, 2010 at approximately 4:07 p.m. Plaintiff submitted photographs depicting the body damage to her vehicle caused by the road reflector. Additionally, plaintiff submitted a photograph showing the damage-causing reflector, which appears to be largely intact. Plaintiff requested damage recovery in an amount of $1,327.72, representing the cost of automotive repair and rental expenses. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose reflector on US Route 35 prior to

plaintiff's property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding a loose road reflector "prior to the plaintiff's incident." Defendant argued that plaintiff failed to produce any evidence to establish the length of time that the reflector was dislodged from the roadway prior to her January 30, 2010 damage event. Defendant explained that the location of the reflector would correspond to "between mileposts 4.37 and 3.66 on US 35 in Fayette County." Defendant suggested that, "the debris (reflector) existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended that plaintiff did not offer evidence to prove her property damage was attributable to conduct on the part of ODOT personnel. Defendant acknowledged that the roadway between mileposts 4.37 and 3.66 was regularly maintained and submitted a "Maintenance History" showing the last time that an ODOT work force was in the area prior to January 30, 2010 was on September 17, 2009 when pothole patching was conducted. Defendant advised that the ODOT "Fayette County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no loose road reflectors were discovered between mileposts 4.37 and 3.66 on US Route 35 the last time that section of roadway was inspected prior to January 30, 2010. The claim file is devoid of any inspection record. The claim file is devoid of any record of snow removal operations conducted by ODOT on US Route 35. Defendant asserted that, "[i]f there was a noticeable defect with any raised or loosened pavement marker, it would have immediately been repaired."

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice

among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has the duty to exercise reasonable care for the motoring public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD.

{¶ 6} Ordinarily in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no proof that defendant had actual notice or constructive notice of the raised pavement marker.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. No evidence has been submitted to prove that the damage-causing pavement marker was originally dislodged from the roadway by defendant's personnel.

{¶ 8} "If any injury is the natural and probable consequence of a negligent act

and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 9} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her or that her property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing reflector was connected to any conduct under the control of defendant, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

{¶ 10} Finally, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the dislodged reflector.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLOTTE E. IRELAND

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2010-02677-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

   Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Charlotte E. Ireland                      Jolene M. Molitoris, Director
104 Maple Drive                          Department of Transportation
Wellston, Ohio  45692                    1980 West Broad Street
                                         Columbus, Ohio  43223

RDK/laa
laa
Filed 8/17/10
Sent to S.C. reporter 12/10/10